IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| JODI DARLENE DODSON, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:11-0411 |
| ) | |
| FEDERAL BUREAU OF PRISONS, ) | |
|     Respondent. ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On June 10, 2011, Petitioner, an inmate at FPC Alderson and acting *pro se,* filed an Application for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241 and Motion for Summary Judgment.[1] (Document No. 1.) Petitioner requests that the Court grant her compassionate release so that she can receive adequate medical treatment. (Id.) Petitioner explains that "Social Security Disability has recognized the disorder of 'severe depression, which is symptomatic of severe, [and] chronic Lyme Disease.'" (Id., p. 18.) Petitioner alleges that "incarceration is not an appropriate means of punishment for this serious illness." (Id., p. 13.) Petitioner contends that FCI Alderson refuses to provide her with herbal supplements to treat her Lyme Disease and Depo Provera shots to treat her reproductive and hormone issues. (Id., pp. 7 - 14.) Next, Petitioner claims that "[t]his facility fails to provide an adequate number of qualified mental health staff [because there is only] one psychologist per 1,200 inmates." (Id., p. 18.) Petitioner complains that "no legal issues are permitted to be discussed" during counseling sessions. (Id.) Third, Petitioner contends that the "noise levels [at FPC Alderson] cannot be safe for our hearing." (Id., p.

---

[1] Because Petitioner is acting *pro se*, the documents which she has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

19.) Petitioner complains that "we are forced to wear headphones for TV watching and for any music." (Id.) Finally, Petitioner states that "mold is continuously a factor in the shower rooms." (Id.) Petitioner alleges that the mold "is routinely covered up by painting the ceilings, yet it continues to flourish within the vents and walls." (Id.) Therefore, Petitioner contends that she must be granted compassionate release because "the above issues are facts and cannot be disputed as there is no BOP policy, no treatment plan, no medications permitted by this Bureau nor by any outside source."[2] (Id., p. 23.)

As Exhibits, Petitioner attaches the following: (1) A copy of her "Inmate Request to Staff" dated October 13, 2010, concerning her request for compassionate release (Document No. 1-1, pp. 2 - 3.); (2) A copy of a letter dated July 19, 2010, from Petitioner to the Warden, Regional Director, General Counsel, Medical Director or Assistant Director, Correctional Programs Division, and Director of Board of Prisons, concerning Petitioner's request for compassionate release (Id., pp. 4 - 5.); (3) Petitioner's statement of "extraordinary and compelling circumstance" supporting compassionate release (Id., p. 6.); (4) A "Contact List" (Id., p. 7.); (5) Petitioner's description of Lyme Disease and how the condition was treated prior to incarceration (Id., pp. 8 - 9.); (6) Petitioner's statement of "future plans" (Id., p. 10.); (7) Petitioner's statement of "Issues Relating to Legalities" (Id., pp. 11 - 13.); (8) Petitioner's statement of "Issues Effecting Disease Due to Incarceration" (Id., pp. 14 - 17.); (9) Copies of documents from Petitioner's physician concerning Lyme Disease (Document No. 1-2, Document No. 1-16, pp. 10 - 13, Document No. 1-17, pp. 1 - 2.); (10) Copies of Petitioner's pertinent medical records from FPC Alderson (Document No. 1-3.); (11)

---

[2] By separate Order, the undersigned has construed Petitioner's claims under the Eighth Amendment as an attempt to initiate a civil action under *Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971).

A copy of the "Bureau of Prisons Health Services Clinical Encounter" regarding Petitioner's request for a Depo Provera shot (Document No. 1-4, p. 3 and Document No. 1-16, p. 4.); (12) A copy of Petitioner's "Inmate Request to Staff" dated August 17, 2010, concerning her request for a Depo Provera shot (Document No. 1-4, p. 4 and Document No. 1-16, p. 5.); (13) A copy of a letter dated August 30, 2010, from Petitioner to Dr. Wright regarding her request for a Depo Provera shot (Document No. 1-4, pp. 5 - 7 and Document No. 1-16, pp. 6 - 9.); (14) A copy of a "Rejection Notice" from the Administrative Remedy Coordinator, FPC Alderson, dated October 8, 2010, concerning Petitioner's request for prescription medication (Document No. 1-5, p. 1 and Document No. 1-19, p. 1.); (15) A copy of Petitioner's "Inmate Request to Staff" dated October 13, 2010, concerning her request for a BP 10 (Document No. 1-5, p. 2 and Document No. 1-19, p. 2.); (16) A copy of Petitioner's "Inmate Request to Staff" dated October 14, 2010, concerning her request for Celexa and Depo Provera (Document No. 1-5, pp. 3, 8 and Document No. 1-19, p. 3, 8.); (17) A copy of Associate Warden Mashelle Arisman's Response dated October 21, 2010 (Document No. 1-5, pp. 4, 9 and Document No. 1-19, pp. 4, 9.); (18) A copy of Petitioner's Regional Administrative Remedy Appeal dated October 19, 2010 (Document No. 1-5, pp. 5 - 7 and Document No. 1-19, pp. 5 - 7.); (19) A copy of "Receipt – Administrative Remedy" from the Administrative Remedy Coordinator Mid-Atlantic Regional Office dated November 5, 2010, concerning Petitioner's request for prescription medication (Document No. 1-5, p. 11 and Document No. 1-20, p. 2.); (20) A copy of an "Extension of Time for Response – Administrative Remedy" from the Administrative Remedy Coordinator Mid-Atlantic Regional Office dated November 5, 2010, concerning Petitioner's request for prescription medication (Document No. 1-5, p. 12 and Document No. 1-20, p. 3.); (21) A copy of Regional Director C. Eichenlaub's Response dated May 5, 2011, finding that Petitioner's "appeal of the Warden's response is partially approved" (Document No. 1-5, p. 13 and Document No. 1-20,

p. 4.); (22) A copy of a Petitioner's Notes dated December 12, 2011, stating that she discussed with Ms. Johnson the possibility of "obtaining a BP-11 as the Regional Office had exceeded their own deadline of 1-2-11" (Document No. 1-5, p. 14 and Document No. 1-20, p. 5.); (23) A copy of Petitioner's Inmate Request to Staff dated December 29, 2010, requesting "treatment/medications, per the BOP, for Lyme Disease" (Document No. 1-5, p. 15, Document No.1-10, p. 2 - 3, and Document No. 1-20, pp. 6 - 7.); (24) A copy of Petitioner's Central Office Administrative Remedy Appeal dated January 25, 2011, requesting a Depo Provera shot (Document No. 1-5, p. 17 and Document No. 1-20, p. 8.); (25) A copy of a "Receipt – Administrative Remedy" from the Administrative Remedy Coordinator Center Office dated March 11, 2011, concerning Petitioner's request for prescription medication (Document No. 1-5, p. 18 and Document No. 1-20, p. 9.); (26) A copy of Warden Myron Batts Response dated October 25, 2010, denying Petitioner's request for compassionate release[3] (Document No. 1-6, p. 2.); (27) A copy of Petitioner's Inmate Request to Staff dated October 29, 2010, concerning the filing of a BP-9 regarding the denial of compassionate release (Id., p. 3.); (28) A copy of Petitioner's Request for Administrative Remedy dated October 28, 2010, regarding her request for compassionate release (Id., pp. 4 - 9.); (29) A copy of "Rejection Notice" from the Administrative Remedy Coordinator, FPC Alderson, dated November 3, 2010, concerning Petitioner's compassionate release request (Id., p. 10.); (30) A copy of Petitioner's Regional Administrative Remedy Appeal dated November 16, 2010, concerning her request for compassionate release (Document No. 1-7, pp. 2 - 5.); (31) A copy of "Rejection Notice" from the Administrative Remedy Coordinator Mid-Atlantic Regional Office dated December 13, 2010,

---

[3] Warden Batts noted that even though Petitioner reported a history of Lyme disease, her "medical records from an outside physician clearly documents in 2008 [Petitioner] reported [she] had never been tested for Lyme disease." (Document No. 1-6, p. 2.)

concerning Petitioner's request for compassionate release (Id., p. 6.); (32) A copy of Petitioner's Response to the Regional Office's Rejection Notice (Document No. 1-8, p. 2.); (33) A copy of Petitioner's Request for Administrative Remedy dated December 29, 2010, requesting reconsideration of compassionate release (Id., p. 3.); (34) A copy of BOP Program Statement 5050.46 and 1330.12 (Id., pp. 5 - 7 and Document No. 1-12); (35) A copy of "Receipt – Administrative Remedy" dated January 7, 2011, regarding Petitioner's request for compassionate release (Document No. 1-8, p. 7.); (36) A copy of Warden Batts' Response dated January 19, 2011, denying Petitioner's request for compassionate release[4] (Id., p. 8.); (37) A copy of Petitioner's Regional Administrative Remedy Appeal regarding her request for compassionate release (Document No. 1-9, pp. 3 - 6.); (38) A copy of a "Rejection Notice" from the Administrative Remedy Coordinator Mid-Atlantic Regional Office dated March 2, 2011, regarding Petitioner's request for compassionate release (Id., p. 7.); (39) A copy of Petitioner's Central Office Administrative Remedy Appeal dated March 14, 2011, regarding her request for compassionate release (Document No. 1-11, pp. 2 - 3.); (40) A copy of a "Rejection Notice" from the Administrative Remedy Coordinator Central Office dated April 1, 2011, regarding Petitioner's request for compassionate release (Id., p. 4.); (41) A copy of the United States Department of Justice "Institution Supplement" regarding ALD 1330.16, 1330.06, 5360.09, and 6031.01(Document No. 1-13.); (42) A copy of an article from FAMM Gram concerning compassionate release (Document No. 1-14.); (43) A copy of 28 C.F.R. § 571.60 (Id., p. 3.); (44) A copy of pertinent sections of the Code of Federal Regulations and Federal Register regarding

---

[4] Warden Batts noted that Petitioner's request for compassionate release was denied on October 25, 2010, and Petitioner was encouraged to report any health concerns or complications to Health Services. Warden Batts stated that Health Services was contacted on January 7, 2011, and staff indicated that Petitioner had not been seen by Health Services since September, 2010. (Document No. 1-8, p. 8.)

furloughs (Document No. 1-15.); (45) A copy of an article entitled "Lyme Disease Can Mimic MCS" written by Jozef Krop, M.D. (Document No. 1-17, pp. 3 - 6.); (46) A copy of "LDA/ILADS 2007 Conference Report" (Id., pp. 7 - 12.); (47) A copy of an article entitled "What You Need to Known About ILADS & Lyme Disease" published by the International Lyme and Associated Disease Society (Document No. 1-18, pp. 1-4.); (49) A copy of "Tick Talk" a Bimonthy Newsletter of the Michigan Lyme Disease Association, Inc. (Id., pp. 5 - 6.); and (50) A copy of Petitioner's Request for Administrative Remedy dated September 28, 2010, concerning her request for Celexa and Depo Provera (Id., pp. 7 - 9.).

On July 21, 2011, Petitioner filed an Amended Motion for Compassionate Relief. (Document No. 5.) Petitioner first states that she is attaching a copy of a Response dated July 5, 2011, from the BOP regarding her Request for Administrative Remedy. (Id., p. 2.) Petitioner notes that she disagrees with the BOP's Response stating that Petitioner's medical records reveal that she is receiving treatment for her medical conditions, including Lyme Disease. (Id.) Specifically, Petitioner contends that the BOP does not have any treatment or policy for Lyme Disease. (Id., p. 3.) Petitioner also complains that she is being denied Depo Provera, which "aid in calming my system, specifically the reproductive system, per hormonal and pre-menstrual." (Id., pp. 3 - 4.) Petitioner requests that the Court dismiss the BOP's Response "as it exceeds the deadline for response per the BOP" and proceed with her Motion. (Id., p. 5.) As an Exhibit, Petitioner attaches a copy of Administrator Harrell Watts' Response denying Petitioner's administrative remedy.[5] (Id., p. 6.)

---

[5] Petitioner has filed three other Section 2241 Petitions with this Court: (1) *Dodson v. Batts*, Civil Action No. 1:11-cv-0860; (2) *Dodson v. United States*, Civil Action No. 1:11-cv-0899; and (3) *Dodson v. Batts*, Civil Action No. 1:11-cv-0948. In these actions, Petitioner alleges that the BOP is denying her home confinement or RRC placement in violation of the Second Chance Act. By separate Orders entered this day, the undersigned has consolidated the above actions and directed Respondent to file a response.

## **THE STANDARD**

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Once the moving party demonstrates the lack of evidence to support the non-moving party's claims, the non-moving party must go beyond the pleadings and make a sufficient showing of facts presenting a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 - 87, 106 S.Ct.1348, 89 L.Ed.2d 538 (1986). All inferences must be drawn from the underlying facts in the light most favorable to the non-moving party. Matsushita, 475 U.S. at 587, 106 S.Ct. at 1356. Summary judgment is required when a party fails to make a showing sufficient to establish an essential element of a claim, even if there are genuine factual issues proving other elements of the claim. Celotex, 477 U.S. at 322-23, 106 S.Ct. at 2552-53. Generally speaking, therefore, summary judgment will be granted unless a reasonable jury could return a verdict for the non-moving party on the evidence presented. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If no facts or inferences which can be drawn from the circumstances will support Plaintiff's claims, summary judgment is appropriate.

## **ANALYSIS**

Petitioner requests compassionate release due to inadequate medical care.[6] "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 2103-04, 60 L.Ed.2d 668 (1979); see also, Meachum v. Fano, 427 U.S. 215, 225,

---

[6] The Bureau of Prisons' Inmate Locator indicates that Petitioner's projected release date is June 14, 2012. Petitioner is currently located at Baltimore CCM.

96 S.Ct. 2532, 2539, 49 L.Ed.2d 451 (1976)("[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty."). However, Title 18, U.S.C. § 3582(c)(1)(A) allows the sentencing court, upon motion of the BOP, to reduce an inmate's term of imprisonment if either (1) "extraordinary and compelling reasons warrant such a reduction;" or (2) the inmate is at least 70 years of age, has served at least 30 years in prison for a sentence under § 3559(c), and the BOP has determined the inmate does not pose a danger to anyone or the community; and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The undersigned finds that Petitioner fails to meet the requirements for compassionate release under Section 3582(c)(1)(A). Although Petitioner contends that her release is necessary so she obtain adequate medical treatment, the undersigned finds that she has not presented any evidence that the BOP has tendered to the Court a motion for her early release. Absent a motion from the BOP, the Court lacks authority to grant compassionate release. Accordingly, the undersigned finds that Petitioner is not entitled to early release under Section 3582(c)(1)(A), and therefore, her Petition and Motion for Summary Judgment must be denied.[7] See Overstreet v. Francis, 2007 WL 3026900, *2 (N.D.W.Va. Jun. 26, 2007)(holding that "petitioner is not entitled to any habeas relief regarding his quest for a compassionate release" because the BOP has not made such a request).

### PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Petitioner's Petition for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241(Document Nos. 1 and 5.), **DENY** Petitioner's Motion for Summary

---

[7] The undersigned further notes that the sentencing court is the proper forum for Petitioner to seek a reduction or modification of her imposed sentence.

8

Judgment (Document No. 1.) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

ENTER: February 7, 2012.

R. Clarke VanDervort
United States Magistrate Judge