IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

JODI DARLENE DODSON,

    Plaintiff,

v.                             CIVIL ACTION NO. 1:11-0411

FEDERAL BUREAU OF PRISONS,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

    By Standing Order, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge VanDervort submitted to the court his Findings and Recommendation ("PF&R") on February 7, 2012, in which he recommended that the District Court deny plaintiff's application under 28 U.S.C. § 2241, deny plaintiff's motion for summary judgment, and remove this matter from the court's docket.

    In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge VanDervort's Findings and Recommendation.  The failure of any party to file such objections constitutes a waiver of such party's right to a <u>de novo</u> review by this court.  <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989).

On March 8, 2012, plaintiff filed timely objections to the Proposed Findings and Recommendation.[1]  With respect to those objections, the court has conducted a de novo review.

## I.  Background

On June 10, 2011, Dodson, then an inmate at FPC Alderson, filed the instant Application for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241.  Accompanying her application was a motion for summary judgment.  Among other things, Dodson asks the court to grant her compassionate release so that she can receive adequate medical treatment.

In the PF&R, Magistrate Judge VanDervort recommended that the court deny Dodson's application for habeas relief because, absent a motion from the Bureau of Prisons ("BOP"), this court does not have the authority to grant compassionate release.  By separate Order, Magistrate Judge VanDervort also indicated that he was construing Dodson's claims regarding inadequate medical care and the conditions of her confinement under the Eighth Amendment as an attempt to state a claim under Bivens v. Six Unknown Named Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).  To that end, the Clerk opened a new civil action for consideration of Dodson's Bivens claims.  See Civil Action No. 1:12-cv-00257.

---

[1] By Order entered March 6, 2012, the court granted plaintiff's motion for an extension of time to file objections to the PF&R and gave her a new deadline of March 15, 2012.

2

## II. <u>Analysis</u>

A court may not modify a term of imprisonment once it has been imposed except in very limited circumstances.  <u>See</u> 18 U.S.C. § 3582(c); <u>Freeman v. U.S.</u>, 131 S. Ct. 2685, 2690 (2011).  One of the exceptions to this general rule is found in 18 U.S.C. § 3582(c)(1)(A) which allows the sentencing court, upon motion of the BOP, to reduce an inmate's term of imprisonment if either (1) "extraordinary and compelling reasons warrant such a reduction;" or (2) the inmate is at least 70 years of age, has served at least 30 years in prison for a sentence under Section 3559(c), and the BOP has determined the inmate does not pose a danger to any other person or the community; and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  Finding that motions for compassionate release fall within the purview of 18 U.S.C. § 3582(c)(1)(A), courts have consistently denied such motions unless they are filed by the BOP.  <u>See</u> <u>United States v. Lagonia</u>, No. 09-65 (JLL), 2012 WL 574500, *1 (D.N.J. Feb. 21, 2012) ("The plain meaning of the statute requires the Director of the BOP to make such motion."); <u>United States v. Monahan</u>, No. 1:04-cr-00015-JAW-2, 2011 WL 1342990, *1 (D. Me. Apr. 5, 2011) (agreeing with the Government that the court does not have authority to grant compassionate release without a BOP motion); <u>Cintron v. United States</u>, 5:09CV103, 2010 WL 2545625, *3 (N.D.W.

Va. Jun. 18, 2010) ("[T]his Court need not consider whether the petitioner has set forth extraordinary and compelling circumstances warranting a reduction in his sentence because in the absence of a motion by the BOP, this Court lacks authority to grant a compassionate release."); United States v. McCann, No. 1:02CR00075, 2003 WL 2002776, *1 (W.D. Va. Apr. 30, 2003) (finding that court could not modify the defendant's sentence because of daughter's illness where the Director of the BOP had not moved for modification).

Dodson's objections do not address the major deficiency noted by the PF&R, i.e., the absence of a BOP motion.  Dodson does not argue that one has been filed nor does she offer any argument as to why one should not be required in her case.  For this reason, to the extent her objections are directed to the recommended denial of her motion for compassionate release, they are **OVERRULED**.

A court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."  Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).  Dodson's objections are primarily concerned with advancing her arguments that (1) she has not received proper medical treatment while she has been incarcerated, and (2) the conditions of her confinement state a claim for relief under the

4

Eighth Amendment.  As such, they are not proper objections as to the motion for compassionate release or relevant to a motion under 28 U.S.C. § 2241[2].  Rather, they should be considered in connection with her Bivens claim and have been filed in that civil action.  Accordingly, pursuant to Orpiano, the objections are properly **OVERRULED**.

### III.  Conclusion

Based on the foregoing, the court accepts Magistrate Judge VanDervort's findings and recommendation.  The court **DENIES** plaintiff's application under 28 U.S.C. § 2241, **DENIES** plaintiff's motion for summary judgment, and directs the Clerk to remove this case from the court's active docket.

Additionally, the court has considered whether to grant a certificate of appealability.  See 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and

---

[2] A petition under 28 U.S.C. § 2241 is used to attack the manner in which a sentence is executed, and is appropriate where a prisoner challenges the fact or length of his confinement, but generally not the conditions of that confinement.  See Preiser v. Rodriguez, 411 U.S. 474, 499-500 (1973).  Therefore, as Magistrate Judge VanDervort concluded, Dodson's claim is beyond the scope of Section 2241 and, instead, falls under Bivens v. Six Unknown Named Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court DENIES a certificate of appealability.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to plaintiff, pro se, and counsel of record.

**IT IS SO ORDERED** this 29th day of March, 2012.

ENTER:

David A. Faber
Senior United States District Judge